IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DOUGLAS A. BOWMAN**,  Case No. 1:09 CV 248

    Petitioner,  Judge Patricia A. Gaughan

    v.  REPORT AND RECOMMENDATION

**COMMISSIONER OF SOCIAL SECURITY**,

    Respondent.  Magistrate Judge James R. Knepp, II

### INTRODUCTION

On February 3, 2009, Plaintiff Douglas Bowman filed this action against Defendant Commissioner of Social Security for judicial review of the administrative denial of disability insurance benefits (DIB) and supplemental security income benefits (SSI). (Doc. 1). On August 26, 2009, the parties submitted a Joint Proposed Stipulation to Remand the case, which the Court granted on September 1, 2009. (Docs. 15, 16). After the agency notified Plaintiff he was entitled to benefits (Docs. 22-3, 22-4), Plaintiff's attorneys moved under 42 U.S.C. § 406(b) for an award of 25% of Plaintiff's past-due benefits pursuant to a contingency agreement. (Doc. 21). Plaintiff also moved to file exhibits in support of the Motion for Attorney Fees. (Docs. 22). The Commissioner opposed Plaintiff's Motion for Attorney Fees arguing the requested amount is an undeserved windfall. (Doc. 24)[1].

The district court referred Plaintiff's motions to the undersigned for preparation of a Report and Recommendation pursuant to Local Rule 72.2. (Doc. 23). For the reasons discussed below, the undersigned grants Plaintiff's Motion to File Exhibits (Doc. 25) and recommends Plaintiff's Motions for Attorney Fees (Doc. 21) be granted.

---

1. It appears this document was either filed or docketed twice. (Docs. 24, 25).

**DISCUSSION**

As an initial matter, the Commissioner does not argue against admitting the exhibits filed the day after Plaintiff filed the Motion for Attorney Fees. (Doc. 22). Seeing no reason to deny the Motion, it is granted herein.

Turning to Plaintiff's Motion for Attorney Fees, it should be noted there are two statutes which govern attorney's fees in social security disability cases. The first is found under the Equal Access to Justice Act (EAJA), or 28 U.S.C. § 2412(d), and the second under the Social Security Act, or 42 U.S.C. § 406(b). However, a plaintiff's counsel is prohibited from collecting under both statutes for the same work. Indeed, in the event of dual entitlement, counsel is required by law to refund the lesser amount to the claimant. *See Jankovich v. Bowen,* 868 F.2d 867, 871, n.1 (6th Cir. 1989); *see also Shack v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 152214, at *12 (N.D. Ohio 2013) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). In this case, Plaintiff moves for fees under § 406(b). (Doc. 21).

Under § 406(b), whenever a court renders a judgment favorable to a claimant who was represented before it, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." When an attorney petitions for a fee under § 406(b), the Commissioner may express a position as to the reasonableness of the request. *Lewis v. Sec'y of Health and Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). The decision whether to award attorney's fees under § 406(b) is committed to the sound discretion of the district court. *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997).

In this case, Plaintiff and his attorneys entered into a contingency agreement providing attorney's fees in the amount of 25% of past-due benefits awarded. (Doc. 22-1). The Commissioner does not challenge the validly or timing of this contingency agreement.

Pursuant to 42 U.S.C. § 406(b)(1)(A), the Sixth Circuit is clear that a contingency agreement providing attorney's fees in the amount of 25% of past-due benefits should be accorded the weight of a rebuttable presumption. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). However, deductions for large fees are permissible if: 1) there is improper conduct or ineffectiveness of counsel; or 2) counsel would otherwise enjoy a windfall because of either an inordinately large benefit awarded or minimal effort expended. *Arnold v. Astrue*, 2011 WL 307969 (N.D. Ohio 2011) *report and recommendation adopted*, 2011 WL 305006 (citing *Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 421)). If neither of these reasons to reduce an award apply, "an agreement for a 25% fee, the maximum permitted under § 406(b) of the Social Security Act . . . is presumed reasonable." *Hayes*, 923 F.2d at 421.

The Sixth Circuit found in *Hayes* that it is error for a district court to reduce an attorney's fee on the ground that the amount called for by the contingency agreement results in a high hourly rate. *Id.* at 421. However, the court nevertheless recognized that district courts have "license to consider the hourly rate represented by an attorney's 25% fee." *Id*.

Indeed, "[c]alculating an hourly rate from the fee is one method of determining whether the attorney would 'enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.'" *Id.* at 422 (quoting *Rodriquez*, 865 F.2d at 746). The court found, "a hypothetical [hourly] rate that is less than twice the standard rate is *per se* reasonable." *Hayes*, 923 F.2d at 422. But, it emphasized that double the usual hourly rate is the "floor", not

3

the ceiling. *Id*. ("A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez's* windfall rule for 'minimal effort expended,' the reasonableness of the fee.").[2]

An amount in excess of this floor (but below the statutory ceiling) "may well be reasonable." *Id*. Where "the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee[]" such as "a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Id*. "Factors such as these should inform the district court's determination of whether the attorney would 'enjoy a windfall because of . . . minimal effort expended.'" *Id*. (quoting *Rodriquez*, 865 F.2d at 746). To this end, *Rodriquez* advised:

> Although we recognize that there are cases where the lawyer's unusual skill or diligence wins the case, typically the number of hours that are required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if any relationship to the results achieved. Where a case has been

---

2. The "*Rodriquez* analysis" is as follows:

> [I]f the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption. The court should give close attention to the agreement between attorney and client. In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore.
>
> Deductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.

*Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989).

> submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

*Rodriquez*, 865 F.2d at 747.

Here, Plaintiff seeks $9,582.50 under § 406(b), in addition to the $2,000 awarded under EAJA, for a total award of $11,582.50. (Docs. 20, 21). However, Plaintiff's counsel would be required by law to refund the lesser award to Plaintiff, in this case the EAJA fee. *Gisbrecht*, 535 U.S. at 796.

The Commissioner requests the Court deny Plaintiff's Motion for Attorney Fees, or in the alternative, reduce the amount awarded. (Doc. 24). Specifically, the Commissioner argues: 1) Plaintiff's attorneys failed to provide their non-contingent rate; and 2) the fee petition requests an unearned windfall. (Doc. 24). Each argument is addressed in turn.

First, Plaintiff's attorneys provided their sworn, non-contingent rates as part of the exhibits filed the day after they moved the Court for § 406(b) attorney fees. (Doc. 22-5). Therefore, Plaintiff's first argument, that the Court should deny Plaintiff's Motion for Attorney Fees because "counsel has not indicated what his normal billing rate would be in a non-contingent case[]", is not well taken. Of note, the Commissioner does not argue that Plaintiff was required to submit the reasonable non-continent rate for social security disability attorneys in this region. "Nor is [P]laintiff required to prove that the usual hourly rates of [his] attorneys . . . are appropriate to the market to establish that those rates are reasonable." *Ratliff v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 23036, at *5 (N.D. Ohio 2013) (citing *Gisbrecht*, 535 U.S. at 807-08).

5

Next, the Commissioner argues the requested amount should be reduced because it represents a windfall to the attorneys in light of the time and effort expended. (Doc. 24, at 4).

It is undisputed that Plaintiff's counsel spent 13.3 hours of attorney time on this case in district court. (Doc. 22-5). Plaintiff claims the usual hourly rates of $300, $275, and $250 for each of three attorneys who worked on the case. (Doc. 22-5). Therefore, the *Hayes* "floor" is $7,055.00 – or 13.3 hours multiplied by the respective hourly rate, then doubled.[3] In terms of an hourly rate, the *Hayes* floor is about $530/hour. After deducting the EAJA award, Plaintiff's counsel requested $9,582.50 in fees.[4] This amounts to about $720/hour, approximately 2.6 times counsels' average hourly rate.

Indeed, the amount requested, falls somewhere in between the statutory ceiling (25% of awarded past-due benefits) and the *Hayes* floor (double counsel's usual hourly rate). Although the requested amount is not *per se* reasonable; because it is under the statutory ceiling, a rebuttable presumption of reasonableness is triggered absent evidence of ineffectual or improper conduct or an underserved windfall. § 406(b)(1)(A); *Rodriquez*, 865 F.2d at 746; *Hayes*, 923 F.2d at 421-22. For the following reasons, the undersigned finds the Commissioner's argument that the requested amount would be an underserved windfall not well taken.

Here, there is no allegation of improper conduct or ineffectiveness of counsel, nor is there a dispute over the number of attorney hours spent on this case. To the contrary, Plaintiff contends the "case was moderately difficult" and the briefing was not boilerplate. (Doc. 26, at 10). Plaintiff further alleges his experience allowed him to accomplish good results in a shorter-than average amount of time. He claims his brief was so strong, it resulted in joint stipulations for

---

3. Or, 2(8.8*250 + 0.9*275 + 3.6 *300). (*See* Doc. 22-5).
4. Although the Commissioner is correct in that Plaintiff would receive $11,582.50 in attorney's fees, the reality is counsel would only retain $9,582.50 after the EAJA fees are refunded to Plaintiff. *See Shack,* 2013 U.S. Dist. LEXIS 152214 (citing *Gisbrecht*, 535 U.S. at 796).

remand and award of EAJA fees. (Doc. 26, at 8). A review of the record does not refute Plaintiff's claims. (Docs. 13, 15). The undersigned is also persuaded by the fact Plaintiff's request, at 2.6 times counsel's average hourly rate, is not wildly more than twice the usual hourly rate, which would be *per se* reasonable.

The Commissioner's argument is simply that an award of $11,582.50 is unreasonable for two days' work. (Doc. 24, at 6). However, "it is not at all unusual for contingent fees to translate into large hourly rates." *Hayes*, 923 F.2d at 422. Indeed, the Sixth Circuit will not "ignore the fact that the attorney will not prevail every time[]" and " [t]he hourly rate in the next contingent fee case will be zero, unless benefits are awarded." *Id*. By their nature, "[c]ontingent fees generally overcompensate in some cases and under-compensate in others. It is the nature of the beast." *Id*. Based on this, the Commissioner's argument that the requested fee would be an underserved windfall for two days' work is not persuasive.

In a footnote, the Commissioner argues the fee in this case is particularly high because it is based on past-due benefits and a "significant" amount of time passed between Plaintiff's application and the ultimate award of benefits. (Doc. 24, at 4 n.1). In response, Plaintiff argues the Court remanded before the completion of briefing, so "there is no issue about undue delay in court." (Doc. 26, at 8).

In the event of judicial delay, the Sixth Circuit has implemented a three-month rule to reduce the amount of past-due benefits which may be included in the contingency award; however, "no such rule exists for delays in the administrative process." *Thatch v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 97366, at *16-17 (citing *Dearing v. Sec'y of Health & Human Servs.*, 815 F.2d 1082 (6th Cir.1987)); *Webb v. Richardson*, 472 F.2d 529, 538 (6th Cir. 1972),

*overruled on other grounds*, *Hornstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261 (6th Cir. 1994).

Here, the Sixth Circuit's three-month rule is not implicated because there was no delay or inaction in the proceedings before this Court. Indeed, Plaintiff filed suit on February 3, 2009. (Doc. 1). Plaintiff asked for one extension of time to file his Brief on the Merits, which was granted. (Doc. 12). Plaintiff then filed his Brief on June 26, 2009. (Doc. 13). Briefing was cut short when the parties filed a Joint Proposed Stipulation to Remand, which was granted on September 1, 2009. (Docs. 15, 16).

Ostensibly, there was a delay at the administrative level. It was not until October 29, 2012 (more three years after the case was remanded), that Plaintiff's application for benefits was approved by way of administrative hearing. (Doc. 22-2). Several months afterward, Plaintiff received notice of SSI and DIB benefits (on November 29, 2012, and February 19, 2013, respectively). (Docs. 22-2, 22-3).

Without Sixth Circuit guidance, the undersigned is left to weigh competing factors regarding reducing a contingency award on the basis of administrative delay. On one hand, the Court should discourage punishing a disabled claimant twice, once due to the administrative delay in receiving benefits during a period of disability, and another for losing more of those benefits to attorney's fees. *Thatch*, 2012 U.S. Dist. LEXIS 97366. On the other hand, attorneys assume significant risk in accepting disability cases, including the risk that no benefits will be awarded or that there will be a long court or administrative delay in resolving cases. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009).

As stated, any delay was not occasioned by the proceedings in this Court. It is not the Court's place to hypothesize about the happenings at the administrative level. *See Townsend v.*

*Astrue*, 2010 U.S. Dist. LEXIS 63103, at *6-7 n.2 (S.D. Ohio 2010) (upholding fee request where the Commissioner did not rebut the presumption of reasonableness and any delay was after the court remanded pursuant to a joint stipulation). Further, the Sixth Circuit has cautioned against reducing an award simply because a contingency agreement translates into a high hourly rate. *Hayes*, 923 F.2d at 421. Moreover, an award of past-due benefits is the very reason counsel enters into contingency agreements in these types of case. For these reasons, the undersigned is persuaded by the latter position, and does not recommend reducing Plaintiff's award for any purported administrative delay.[5]

Some courts in this District have interpreted *Hayes* to impose a burden on a plaintiff to show a requested fee under the statutory ceiling of 25% and above the *Hayes* floor is reasonable. *See, e.g.*, *Koprowski v. Comm'r of Soc. Sec.*, 2013 WL 29804, at *2–3 (N.D. Ohio 2013) (reducing plaintiff's § 406(b) award to an effective hourly rate of $350 based on the presumptive reasonable rate of $175/hour for this geographic area because plaintiff did not show a higher fee was not excessive); *Brown v. Comm'r of Soc. Sec.*, 2012 WL 6682112, at *3 (N.D. Ohio 2012) (same); *May v. Comm. of Soc. Sec.*, 2013 WL 162293, at *2 (N.D. Ohio 2013) (same); *Honaker v. Astrue*, 2008 WL 4745945 (N.D. Ohio 2008) (reducing fee to the *Hayes* floor where the plaintiff did not demonstrate that extensive effort was required to overcome legal or factual obstacles).

However, the undersigned respectfully advises against following this precedent for several reasons. First, the practice of capping an hourly rate based on regional standards is

---

5. The undersigned also considered deducting fees because Plaintiff's counsel did not file the instant Motion for Attorney Fees until January 13, 2014. (Doc. 21). However, it is not clear whether the social security administration has withheld additional fees since the time Plaintiff was notified of his award. (S*ee* Doc. 22-4). Therefore, deducting for this time would be speculative.

precisely what the Sixth Circuit instructed against. *Hayes*, 923 F.2d at 421 ("The district court employed a technique now thoroughly rejected by this circuit: limiting attorney's fees to whatever flat hourly rate a particular court deems reasonable . . . The statute, 42 U.S.C. § 406(b)(1), establishes a cap on attorney's fees of 25% of the claimant's award, not a cap on the hourly rate.").

Next, *Hayes* and *Rodriquez* establish a presumption of reasonableness for contingency agreements under the statutory ceiling, rebutted only by ineffective counsel, improper conduct, or an undeserved windfall. As described above, the Commissioner's general argument against the nature of contingency agreements is not enough to rebut this presumption without more. Plaintiff's claims that the briefing was moderately difficult, not boilerplate, and produced good results, are undisputed. There are no allegations of ineffective assistance of counsel, improper conduct, judicial delay, or improper contingency agreement. Further, Plaintiff seeks compensation only for attorney time spent on this case. Consequently, the presumption of reasonableness is unrebutted.

## CONCLUSION AND RECOMMENDATION

Of course, it is within the Court's discretion to reduce fees if they are seen as a windfall. However, the undersigned cannot recommend reducing Plaintiff's requested award for the above-stated reasons. The undersigned recommends the Court approve Plaintiff's request for $11,582.50 in fees (Doc. 21). Further, the undersigned recommends Plaintiff's counsel be ordered to pay his client the EAJA fee refund of $2,000.00. (Docs. 26, at 10; 24, at 7 n.2).

 s/James R. Knepp, II  
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).